**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| v. | ) | Criminal No. 14-131 |
| | ) | |
| LEWIS VAN BURT III, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I.    Introduction

Pending before the court is a motion for early termination of supervised release filed by counsel on behalf of defendant Lewis Van Burt III ("Van Burt") in criminal action number 14-131 (ECF No. 427).  Van Burt argues that his term of supervised release should be terminated because he completed educational, vocational and drug treatment programs while incarcerated, has complied with all conditions of supervised release, made restitution payments, started a cleaning business and plays an active role in raising children with his long-time partner.  The government filed a response in opposition (ECF No. 430), contending that early termination of Van Burt's term of supervised release is not in the interest of justice or warranted by the parties' plea agreement or the factors set forth in 18 U.S.C. § 3553(a).  For the reasons set forth in this opinion, including the court's consideration of the factors set forth in 18 U.S.C. § 3553(a), Van Burt's motion for early termination of supervised release will be denied without prejudice.

## II.     Procedural History

On February 3, 2016, Van Burt pleaded guilty to counts 1, 3 and 4 of the

indictment at Crim. No. 14-131, which charged him with: (1) conspiracy to distribute 100

grams or more of heroin; (3) possession with intent to distribute less than 100 grams of

heroin; and (4) possession of a firearm by a convicted felon.  Van Burt and the

government entered into a Rule 11(c)(1)(C) plea agreement, with a stipulated sentence.

The court accepted the plea agreement and on June 27, 2016, sentenced Van Burt to a

term of imprisonment of 74 months at each count, to run concurrent.  Upon release from

imprisonment, Van Burt was sentenced to a term of supervised release of 4 years at

count 1, and 3 years at counts 3 and 4, all to run concurrent, for a total term of

supervised release of 4 years.

There was a statutory mandatory minimum term of 60 months imprisonment at

count 1.  In the presentence investigation report, Van Burt was classified as a career

offender, which placed him in criminal history category VI.  Without that classification,

he would have been in criminal history category III.  The advisory guideline range of

imprisonment was 188-235 months.  The statutory mandatory minimum term of

supervised release at count 1 was 4 years and the guideline range was 4-5 years (ECF

No. 307).

On April 9, 2018, Van Burt completed his term of imprisonment and was released

from the custody of the Federal Bureau of Prisons ("BOP") to commence his 4-year

term of supervised release. Van Burt has completed roughly 2/3 of his term of

supervised release.  Van Burt's motion for early termination of supervised release is

fully briefed and ripe to be decided by the court.  An evidentiary hearing is not

necessary.

### III.   Discussion

#### A.  Applicable Law

A district court has the discretion to grant the early termination of a defendant's

term of supervised release[1] under 18 U.S.C. § 3583(e). United States v. Melvin, No.

20-1158, 2020 WL 6108619, at *3 (3d Cir. Oct. 16, 2020). Pursuant to § 3583(e):

> [t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> > (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). As specified in § 3583(e)(1), in exercising its discretion, the

district court must consider the following factors:

> – the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1);
>
> – the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, § 3553(a)(2)(B)-(D);

---

[1]   Supervised release "serves an entirely different purpose than the sentence imposed under § 3553(a)." Pepper v. United States, 562 U.S. 476, 502 n. 15 (2011).  It "fulfills rehabilitative ends, distinct from those served by incarceration." United States v. Johnson, 529 U.S. 53, 59 (2000).

- the sentencing range established by the Sentencing Commission, § 3553(a)(4);

- any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5);

- the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6); and

- the need to provide restitution to any victims of the offense, § 3553(a)(7).

"After considering these factors, the court may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." Melvin, 2020 WL 6108619, at *3. District courts need not make specific findings of fact with respect to each § 3553(a) factor; it is sufficient for the court to state that it considered the statutory factors.  Id.

The Third Circuit Court of Appeals recently clarified that the *general rule* is that early termination of a term of supervised release under § 3583(e)(1) "will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." Id. (quoting United States v. Davies, 746 F. App'x 86, 89 (3d Cir. 2018), cert. denied, 139 S. Ct. 1275, 203 L. Ed. 2d 280 (2019)). The court of appeals in Melvin explained:

That is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release.

Id. The court of appeals, however, "disavow[ed] any suggestion that new or unforeseen circumstances **must** be shown." Id. (emphasis added).[2] In other words, "a district court

---

[2]    The court of appeals explained that the language in United States v. Laine, 404 F. App'x 571, 573-74 (3d Cir. 2010), that "early termination of supervised release under section 3583(e) should occur only when the sentencing judge is satisfied that something

4

need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." Id. The district court must be "satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." Id. (quoting 18 U.S.C. § 3583(e)(1)).

The court will consider the pertinent factors set forth in § 3553(a) as instructed in § 3583(e)(1) to determine whether early termination of Van Burt's term of supervised release is warranted by his conduct and in the interest of justice.

### B. Section 3553(a) Factors

#### 1. The nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1)

As the court acknowledged at the time of sentencing, Van Burt's crimes were serious and involved large amounts of heroin and a firearm. The court explained that Van Burt is a career offender, which would have resulted in a lengthy term of imprisonment under the sentencing guidelines, but for the parties' plea agreement. The court recognized that Van Burt has a supportive family and demonstrated remorse for his unlawful conduct, but emphasized that he must avoid illegal drugs in the future. The court concluded that the substantial downward variance from the advisory guideline range was warranted by the parties' plea agreement.

Based upon the information presented to this court, Van Burt has led a law-abiding life since his release from imprisonment. The serious nature of his crimes and

---

exceptional or extraordinary warrants it," is not based upon the statute and is not binding precedent. Melvin, 2020 WL 6108619 at *3.

his extensive criminal history, however, weigh against the early termination of his supervised release.

> **2. The need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, §§ 3553(a)(2)(B)-(D)**

Van Burt's serious criminal conduct warranted a significant term of supervised release, with Congress establishing a mandatory minimum of 4 years at count 1. The parties stipulated in the plea agreement that a 4-year term of supervised release was appropriate. In the plea agreement, Van Burt received the benefit of a significant variance with respect to his term of imprisonment. Under those circumstances, early termination is not warranted.

> **3. The sentencing range established by the Sentencing Commission, § 3553(a)(4)**

As discussed above, the court granted Van Burt a significant variance with respect to the terms of imprisonment imposed upon him and the term of supervised release imposed was the mandatory minimum required by statute.

> **4. Any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5).**

The court considered the policy statements with respect to implementing sentences agreed upon by the parties in a plea agreement.

> **5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6).**

There is no evidence that Van Burt' term of supervised release should be terminated to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.

### 6. The need to provide restitution to any victims of the offense, § 3553(a)(7).

This factor is not applicable.

### C. Whether early termination is warranted and in the interest of justice

In support of his motion, Van Burt asserts that he abided by all conditions of supervised release.  Compliance with the conditions of supervision, including refraining from engaging in criminal conduct, is *required* behavior while serving a term of supervised release. United States v. Banks, No. 04-176, 2015 WL 926534, at *4 (W.D. Pa. Mar. 4, 2015) (citing United States v. Medina, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) ("While [the defendant's] post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule.")). The fact of compliance may very well mean that supervision is serving its deterrent and rehabilitative purposes and continuation of it to full term will achieve its desired effects on the supervised individual and community.

Van Burt did not articulate any particular hardship that he experiences due to the terms of his supervision.  If there is a particular adverse impact, Van Burt should explore with his probation officer whether his conditions can be modified to address his concern. Van Burt's conduct while on supervision is commendable, but, considering the foregoing § 3553(a) analysis, especially the serious nature of his crimes, the need to deter

criminal conduct, and the variance in the term of imprisonment granted to him at the time of sentencing, the interests of justice are best served by him completing his term of supervised release.

## IV.    Conclusion

Based upon the foregoing, the court will deny the motion for early termination of supervised release (ECF No. 427) without prejudice.

An appropriate order follows.


Dated: January 21, 2021                        BY THE COURT:

                                               /s/ JOY FLOWERS CONTI
                                               Joy Flowers Conti
                                               Senior United States District Judge